IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JOHN F. FRANCIS,

    **Plaintiff,**

    v.                                                        CASE NO. 25-3024-JWL

THOMAS WILLIAMS, et al.,

    **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff and Kansas prisoner John F. Francis, who is currently housed at El Dorado Correctional Facility (EDCF) in El Dorado, Kansas, filed this pro se civil rights action under 42 U.S.C. § 1983 in February 2025. (Doc. 1.) With his complaint, Plaintiff filed a motion for leave to proceed in forma pauperis (IFP), but he did not attach the required inmate account statement to support his motion. (Doc. 2.) Thus, on February 11, 2025, the Court issued a notice of deficiency (NOD) granting Plaintiff until March 13, 2025 in which to provide the inmate account statement and cautioning Plaintiff that the failure to do so could lead to the dismissal of this matter. (Doc. 2.) From the Court's perspective, Plaintiff failed to comply with the NOD, so on March 24, 2025, the Court dismissed this case under Federal Rule of Civil Procedure 41(b) for failure to comply with a court order. (Doc. 4.)

On April 3, 2025, Plaintiff received a Notice of Electronic Filing (NEF) dated March 24, 2025, informing him that the case was dismissed without prejudice under Fed. R. Civ. P. 41(b) for failure to comply with a court order. (Doc. 6, p. 2; Doc. 6-1, p. 6.) Plaintiff promptly wrote to the clerk of this Court seeking information about the dismissal and inquiring what order he had failed to satisfy, as he had not received the dismissal order that was mailed to him by the Court. *Id.* The

1

clerk received Plaintiff's letter on April 10, 2025, and mailed to Plaintiff copies of his letter, the current docket sheet, the NOD, the order of dismissal, and the judgment.

On April 21, 2025, the Court received from Plaintiff a motion to reconsider. (Doc. 6.) Therein, Plaintiff advises that he attempted to comply with the NOD on February 21, 2025 by mailing a copy of his inmate account statement to the Court and by submitting a copy to EDCF staff for e-filing. (Doc. 6, p. 1; Doc. 6-1, p. 1-2.) The records of the clerk of this Court reflect that the mailed copy of the inmate account statement was received on March 4, 2025. It was returned to Plaintiff, however, with a memorandum explaining that Plaintiff is incarcerated at a facility with mandatory electronic filing, so he "should follow instructions available at the facility for transmitting pleadings electronically to the court." (Doc. 6-1, p. 3.) Although Plaintiff had submitted his inmate account statement to EDCF staff for e-filing on February 21, 2025, no inmate account statement was e-filed with the Court at that time.

Also on February 21, 2025, Plaintiff submitted a request to the appropriate Kansas Department of Corrections (KDOC) officials that $250.00 be forwarded from his inmate account to this Court for payment of the filing fee in this matter, which left Plaintiff with only $39.00 in his account. (Doc. 6, p. 1; Doc. 6-1, p. 4.) A check dated March 4, 2025 was mailed to the clerk of this Court. (Doc. 6-1, p. 5.) On March 21, 2025, however, in accordance with Court procedure, the check was returned to KDOC officials. An attached memorandum explained that Plaintiff had not been granted leave to proceed IFP and was thus required to pay the full filing fee of $405.00 in order to proceed in this matter. Partial payment would not be accepted. A copy of the memorandum was sent to Plaintiff as well, but Plaintiff did not receive it until April 16, 2025. (Doc. 6, p. 2.) On April 16, 2025, Plaintiff also finally received the order of dismissal and judgment mailed to him at EDCF on March 24, 2025. *Id.*

The next day, Plaintiff filed the motion for reconsideration that is now before this Court. (Doc. 6.) The information contained therein is related above and it is troubling, as it seems to demonstrate both a delay in Plaintiff receiving mail and NEFs from this Court regarding an ongoing federal case and a delay in the appropriate EDCF staff electronically submitting Plaintiff's documents to this Court for filing. In any event, the Court agrees with Plaintiff that this matter should be reopened. The motion for reconsideration of the dismissal (Doc. 6) will be granted. The Court will direct the Clerk to reopen this matter and vacate the memorandum and order dismissing this matter (Doc. 4) and the judgment entered (Doc. 5). The Court will reconsider the motion for leave to proceed IFP (Doc. 2) in light of the inmate account statement attached to the motion for reconsideration (Doc. 6-1, p. 2) and will issue a separate order on that motion and additional orders as required.

**IT IS THEREFORE ORDERED BY THE COURT** that the motion for reconsideration (Doc. 6) is **granted**. The Clerk of Court is directed to reopen this matter and to vacate the March 24, 2025 Memorandum and Order (Doc. 4) dismissing this matter and the Judgment (Doc. 5) entered the same day. The Court will reconsider the motion for leave to proceed in forma pauperis (Doc. 2) in light of the inmate account statement included in the motion for reconsideration and will issue further orders as necessary.

**IT IS SO ORDERED**.

Dated April 23, 2025, in Kansas City, Kansas.

**S/ John W. Lungstrum**
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**