IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JOHN F. FRANCIS,

    **Plaintiff,**

    v.                                        CASE NO. 25-3024-JWL

SAM CLINE, et al.,

    **Defendants.**

**MEMORANDUM AND ORDER**

Plaintiff and state prisoner John F. Francis filed this civil action under 42 U.S.C. § 1983 claiming his constitutional rights were violated by his placement in segregation, the conditions set for his release from segregation, and his placement for two weeks in a suicide/observation cell. (Doc. 1, p. 3-4, 9-10.) He proceeds pro se and in forma pauperis. (Doc. 8.) The complaint names as Defendants 16 individuals at the Kansas Department of Corrections, El Dorado Correctional Facility, and Hutchinson Correctional Facility. (Doc. 1, p. 6-9.) As relief, Plaintiff seeks his release from segregation; $250.00 for each day he has been in segregation; $15,000.00 from each Defendant for emotional and mental damages; and $250,000.00 in punitive damages. *Id.* at 5.

The Court is required to screen Plaintiff's complaint and to dismiss it or any portion of it that is frivolous, fails to state a claim on which relief may be granted, or seeks relief from a defendant immune from such relief. *See* 28 U.S.C. § 1915A(a) and (b) and 28 U.S.C. § 1915(e)(2)(B). The Court conducted the screening and, on May 9, 2025, the Court issued a memorandum and order (M&O) setting forth the screening standards and identifying deficiencies in the complaint that left this matter subject to dismissal. (Doc. 10.)

1

The M&O explained that Plaintiff's requests for money damages from Defendants in their official capacities and his requests for injunctive relief against Defendants in their individual capacities are subject to dismissal. *Id.* at 5. In addition, the complaint does not include the type of facts required to seek punitive damages or those required to seek damages for emotional and mental harm. *Id.* at 5-6. With respect to 13 of the 16 Defendants, the complaint fails to allege the personal participation required to state a plausible claim under § 1983. *Id.* at 7-9. And the facts alleged in the complaint do not support a plausible claim that any Defendant violated Plaintiff's procedural Due Process rights, his Equal Protection rights, his constitutional right to be free from cruel and unusual punishment, or his constitutional protection against retaliation, as alleged in Counts I, II, and III. *Id.* at 9-15. For these reasons, the complaint is subject to dismissal.

The Court granted Plaintiff until and including June 10, 2025 to file an amended complaint that cures the deficiencies identified in the M&O. *Id.* at 18. Plaintiff was cautioned that "[t]he failure to timely file an amended complaint that cures the deficiencies may result in this matter being dismissed without further prior notice to Plaintiff." *Id.* The deadline to respond to the M&O has now passed and the Court has received nothing further from Plaintiff. Thus, the Court will dismiss this matter without prejudice for failure to state a claim upon which relief can be granted, as explained in detail in the May 9, 2025 M&O (Doc. 6).

**IT IS THEREFORE ORDERED BY THE COURT** that this matter is dismissed without prejudice for failure to state a claim upon which relief can be granted.

**IT IS SO ORDERED**.

**Dated June 18, 2025, in Kansas City, Kansas.**

                            **S/ John W. Lungstrum**
                            **JOHN W. LUNGSTRUM**
                            **UNITED STATES DISTRICT JUDGE**