IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JOHN F. FRANCIS,

    **Plaintiff,**

v.                                                          CASE NO. 25-3024-JWL

THOMAS WILLIAMS, et al.,

    **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff and Kansas prisoner John F. Francis, who is currently housed at El Dorado Correctional Facility (EDCF) in El Dorado, Kansas, filed this pro se civil rights action under 42 U.S.C. § 1983 in February 2025. (Doc. 1.) With his complaint, Plaintiff filed a motion for leave to proceed in forma pauperis (IFP), but he did not attach the required inmate account statement to support his motion. (Doc. 2.) Thus, on February 11, 2025, the Court issued a notice of deficiency (NOD) granting Plaintiff until March 13, 2025 in which to provide the inmate account statement and cautioning Plaintiff that the failure to do so could lead to dismissal of this matter. (Doc. 2.)

On February 21, 2025, Plaintiff attempted to comply with the NOD by (1) submitting a copy of his inmate account statement to EDCF staff for e-filing and (2) mailing a paper copy of his inmate account statement to the clerk of this Court. (Doc. 6, p. 1; Doc. 6-1.) The Court did not receive an inmate account statement from EDCF staff for e-filing in this case.[1] The records of the

---

[1] Also on February 21, 2025, Plaintiff submitted a request to the appropriate Kansas Department of Corrections (KDOC) officials that $250.00 be forwarded from his inmate account to this Court for payment of the filing fee in this matter, which left Plaintiff with only $39.00 in his account. (Doc. 6, p. 1; Doc. 6-1, p. 4.) A check dated March 4, 2025 was mailed to the clerk of this Court. (Doc. 6-1, p. 5.) On March 21, 2025, however, in accordance with Court procedure, the check was returned to KDOC officials. An attached memorandum explained that Plaintiff had not been granted leave to proceed IFP and was thus required to pay the full filing fee of $405.00 in order to proceed in this matter. Partial payment would not be accepted. A copy of the memorandum was sent to Plaintiff as well, but Plaintiff did not receive it until April 16, 2025. (Doc. 6, p. 2.)

1

clerk of this Court reflect that the mailed copy of the inmate account statement was received on March 4, 2025. It was returned via mail to Plaintiff with a memorandum explaining that Plaintiff is incarcerated at a facility with mandatory electronic filing, so he "should follow instructions available at the facility for transmitting pleadings electronically to the court." (Doc. 6-1, p. 3.)

The Court received nothing further from Plaintiff for filing in this case before the deadline set in the NOD. Thus, from the Court's perspective, Plaintiff had failed to timely comply with a court order, so on March 24, 2025, the Court dismissed this case under Federal Rule of Civil Procedure 41(b). (Doc. 4.) Entry of the Court's dismissal order by the clerk generated a Notice of Electronic Filing (NEF) and the clerk also mailed a copy of the order and judgment to Plaintiff at EDCF. It appears from the "Kansas Department of Corrections Legal, Official, Privileged Mail Delivery Form" now before this Court that the March 24, 2025 order may have been received by EDCF staff on March 28, 2025. (Doc. 6-1, p. 8.)

The order was not promptly delivered to Plaintiff, so he first learned of the dismissal of his case on April 3, 2025, when he received the March 24, 2025 NEF. (Doc. 6, p. 2; Doc. 6-1, p. 6.) Plaintiff promptly wrote to the clerk of this Court seeking information about the dismissal and inquiring what order he had failed to satisfy, as he had not yet received the written dismissal order that was mailed to him by the Court. *Id.* The clerk received Plaintiff's letter on April 10, 2025, and mailed to Plaintiff copies of his letter, the current docket sheet, the NOD, the order of dismissal, and the judgment.

On April 16, 2025, Plaintiff received the order of dismissal and judgment mailed to him at EDCF on March 24, 2025 and apparently received at EDCF on March 28, 2025. (Doc. 6, p. 2; Doc. 6-1, p. 8.) Also on April 16, 2025, EDCF staff gave Plaintiff a memorandum from the clerk of this Court regarding Plaintiff's attempts to pay part of the filing fee for this matter; the

2

memorandum was mailed to Plaintiff on March 21, 2025. (Doc. 6, p. 2.) The following day—April 17, 2025—Plaintiff submitted to EDCF staff for e-filing the motion for reconsideration that EDCF submitted to the Court on April 21, 2025. *Id.*

In an order dated April 23, 2025, the Court granted Plaintiff's motion for reconsideration of the dismissal, vacated the dismissal and entry of judgment, and expressly noted: "The information contained [in the motion for reconsideration] is troubling, as it seems to demonstrate both a delay in Plaintiff receiving mail and NEFs from this Court regarding an ongoing federal case and a delay in the appropriate EDCF staff electronically submitting Plaintiff's documents to this Court for filing." (Doc. 7, p. 3.)

The case was reopened and the Court granted Plaintiff's motion to proceed IFP. (Doc. 8.) Plaintiff has paid the initial partial filing fee as required. The Court was required to screen Plaintiff's complaint and to dismiss it or any portion of it that is frivolous, fails to state a claim on which relief may be granted, or seeks relief from a defendant immune from such relief. *See* 28 U.S.C. § 1915A(a) and (b) and 28 U.S.C. § 1915(e)(2)(B). The Court conducted the screening and, on May 9, 2025, issued a memorandum and order (M&O) setting forth the screening standards and identifying deficiencies in the complaint that left this matter subject to dismissal for failure to state a claim. (Doc. 10.) The Court granted Plaintiff until and including June 10, 2025 to file an amended complaint that cures the deficiencies identified in the M&O. *Id.* at 18. Plaintiff was cautioned that "[t]he failure to timely file an amended complaint that cures the deficiencies may result in this matter being dismissed without further prior notice to Plaintiff." *Id.*

When the clerk docketed the May 9, 2025 M&O, an NEF was generated; the clerk also mailed a copy of the M&O to Plaintiff at EDCF. (Doc. 10.) The Court received nothing further from Plaintiff in this matter, nor was any mail to Plaintiff returned to the Court as undeliverable,

so on June 18, 2025, the Court dismissed this case for failure to state a claim on which relief could be granted. (Doc. 11.) Judgment was entered the same day, an NEF was generated, and a copy of the dismissal order and judgment were mailed to Plaintiff at EDCF.

On June 24, 2025, the Court received from Plaintiff—via e-filing submission by EDCF staff—a motion to reconsider. (Doc. 13.) According to the motion, Plaintiff did not receive the May 9, 2025 M&O from this Court until June 13, 2025—three days after the deadline for filing an amended complaint and over a month after the M&O was issued. *Id.* at 1. The "Kansas Department of Corrections Legal, Official, Privileged Mail Delivery Form" attached to the motion to reconsider reflects that the M&O was received by EDCF mail room staff on May 12, 2025, but was not processed, inspected, cleared, or given to Plaintiff until over a month later, on June 13, 2025. (Doc. 13-1.)

Recognizing that the deadline set in the M&O had already passed, Plaintiff assumed that the case had been dismissed, so he proactively submitted the motion to reconsider. (Doc. 13, p. 1.) In fact, when Plaintiff gave the motion to reconsider to EDCF staff for filing on June 13, 2025, *see id.* at 2, the Court had not yet dismissed this action. Had EDCF staff promptly submitted the motion to the Court, this case would not have been dismissed. For unknown reasons, however, it seems that EDCF did not submit the document to the clerk of this Court until June 24, 2025. By that point, the case was dismissed and judgment entered.

The motion for reconsideration of the dismissal (Doc. 13) will be granted. The Court will direct the Clerk to reopen this matter and vacate the memorandum and order dismissing this matter (Doc. 11) and the judgment entered (Doc. 12). Plaintiff is granted to and including July 31, 2025, in which to file a complete and proper amended complaint that cures the deficiencies identified in

the Court's May 9, 2025 order. The Court will direct the clerk to provide Plaintiff with a copy of that order and the forms for filing an amended complaint in this matter.

The allegations of such lengthy and impactful delays in Plaintiff receiving mail from this Court and in the Court receiving submissions from Plaintiff are disturbing. These delays have caused the Court to spend its resources unnecessarily closing and reopening this case, in addition to causing Plaintiff delay. The Court will therefore direct the clerk to enter the Kansas Department of Corrections (KDOC) as an interested party on the docket for the limited purpose of providing information, in writing, regarding the processing and delivery of mail from this Court to Plaintiff at EDCF. Upon the filing of the written report containing the information described below, the KDOC may move for termination from this action.

The appropriate KDOC officials are requested to:

(1) determine whether delays occurred in providing Plaintiff with NEFs generated in this case, delivering to Plaintiff written orders mailed to him by this Court, or submitting to the clerk of this Court for e-filing documents Plaintiff submitted to EDCF staff for e-filing, as discussed in this order;

(2) ascertain the reason for any such delays;

(3) consider whether any action should be taken by the institution to ensure that such delays do not occur in the future; and

(4) file a written report with this information on or before **July 31, 2025**.

Authorization is granted to the KDOC officials to interview all witnesses having knowledge of the facts, including Plaintiff. If KDOC officials wish to file any exhibits or portions of the report under seal or without service on Plaintiff, they must file such portions separately from the public report and provisionally under seal, to be followed immediately by a Motion to Seal or

Redact Document(s). The KDOC officials are exempt from filing the Notice of Proposed Sealed Record under D. Kan. Rule 5.4.2(b).

**IT IS THEREFORE ORDERED BY THE COURT** that the motion for reconsideration (Doc. 13) is **granted**. The Clerk of Court is directed to reopen this matter and to vacate the June 18, 2025 Memorandum and Order (Doc. 11) dismissing this matter and the Judgment (Doc. 12) entered the same day.

**IT IS FURTHER ORDERED that t**he Clerk is directed to mail to Plaintiff a copy of the Court's May 9, 2025 memorandum and order (Doc. 10) and another set of the forms on which to file an amended complaint. Plaintiff is granted until and including **July 31, 2025** in which to submit a complete and proper amended complaint that cures the deficiencies identified in the May 9, 2025 memorandum and order (Doc. 10).

**IT IS FURTHER ORDERED** that the clerk shall enter the Kansas Department of Corrections (KDOC) as an interested party on the docket for the limited purpose of providing, in writing, a report with the information requested by the Court, as detailed in this order. The clerk shall provide a copy of this order to counsel for the KDOC, and the KDOC is asked to file the written report on or before July 31, 2025.

**IT IS SO ORDERED**.

**Dated June 25, 2025, in Kansas City, Kansas.**

**S/ John W. Lungstrum**
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**
