## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

**JOHN F. FRANCIS,**

      **Plaintiff,**

      v.                            **CASE NO.  25-3024-JWL**

**SAM CLINE, et al.,**

      **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff and Kansas prisoner John F. Francis brings this pro se civil rights action under 42 U.S.C. § 1983. Plaintiff is in custody at the El Dorado Correctional Facility (EDCF) in El Dorado, Kansas and he has been granted leave to proceed in forma pauperis. (Doc. 8.) On May 9, 2025, the Court issued a memorandum and order (M&O) identifying certain deficiencies in the complaint that left this case subject to dismissal in its entirety. (Doc. Doc. 10.) The Court granted Plaintiff time in which to file an amended complaint that cures those deficiencies.

This matter comes now before the Court on Plaintiff's amended complaint (Doc. 15), filed July 25, 2025. The same day, Plaintiff filed a motion to amend his complaint[1] (Doc. 15-1), which the clerk of this Court filed with the amended complaint. Plaintiff was not required to file a motion to amend his initial complaint in this matter because the Court had ordered him to file an amended complaint. (*See* Docs. 10 and 14.) When the amended complaint and the motion to amend are considered together, Plaintiff has cured some of the deficiencies identified in the M&O. For

---

[1] The motion to amend is a fifteen-page document contains includes information that is not in the amended complaint, including supporting facts for Counts I and III, argument and additional information intended to show the personal participation of Defendants, and legal argument in support of his claims. (Doc. 15-1.)

example, the M&O identified that Plaintiff had failed in the initial complaint to allege sufficient

personal participation by certain Defendants:

> Plaintiff's [initial] complaint and exhibits frequently use the passive voice to describe events rather than attributing those events to a particular individual. For example, in the supporting facts for Count II, Plaintiff states that he "is being told that under no circumstances will he be released unless he completes a behavior program," a requirement that Plaintiff describes as "a blatant violation of [his] constitutional right to equal protection." (Doc. 1, p. 9.) But Plaintiff does not identify who has imposed that requirement upon him. This makes it impossible for the named Defendants or the Court to ascertain who Plaintiff believes violated his constitutional equal protection rights.

(Doc. 10, p. 8.)

> In the motion to amend now before the Court, Plaintiff asserts more specifically:

> Defendant Cody Austin is the segregation lieutenant and is the supervising officer over inmates in seg[regation]. He's also on the seg[regation] review board. The seg[regation] review board is directly responsible for inmates retention or release from seg[regation]. Despite being aware of the fact that Plaintiff had absolutely no involvement in what paced him in seg[regation,] [D]efendant Austin has repeatedly voted for Plaintiff's retention. Defendant Austin had told Plaintiff on numerous occasions that he would have to complete the program in order to be released from seg[regation]. . . . Defendant Austin has approved the release of every other inmate that was placed in seg[regation] for the very same incident as Plaintiff. [S]ome without ever attending the program.

(Doc. 15-1, p. 3-4.)

> If this information was stated in the amended complaint as part of the supporting facts for

Count II, it would sufficiently allege the personal participation of Defendant Austin in the

constitutional violation alleged in Count II. Plaintiff asserts that Defendant Austin directly told

him that he must complete a behavioral program before he can be released from segregation, but

Defendant Austin approved the release of other inmates segregated under the same circumstances

as Plaintiff who had not attended the program. In Count II of the amended complaint, Plaintiff

asserts that his "constitutional right to equal protection was violated" because he has to complete

the program when other, similarly situated inmates have been released from segregation without completing the program. (Doc. 15, p. 3.)

The problem is that the information quoted above is in the motion to amend, not the amended complaint. And when screening a complaint, the Court considers *only the complaint*.[2] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007) (holding that "when the allegations *in a complaint*, however true, could not raise a claim of entitlement to relief," dismissal is appropriate (emphasis added)). (*See also* Doc. 10, p. 3-5 (setting out screening standards that refer to requirements for "the complaint")). In other words, during screening, the Court does not take into account information not included in the complaint before it, which is sometimes called "the controlling complaint" and is usually the most recent complaint filed by the plaintiff.

If the Court were to screen the amended complaint (Doc. 15), it would find as follows. The named Defendants are EDCF Warden Tommy Williams and former EDCF Warden Sam Cline. (Doc. 15, p. 1-2.) As background for this case, Plaintiff asserts that on February 5, 2020, he was placed into segregation at EDCF for an incident that occurred two days earlier at HCF. *Id.* at 2. Plaintiff asserts he was not involved or present at the incident and that every other inmate placed into segregation because of an alleged involvement in the incident has been released. *Id.* Plaintiff, on the other hand, remains in segregation without any meaningful review of his segregation status and despite having gone several years at a time without disciplinary infractions. *Id.*

As Count I, Plaintiff asserts the violation of his constitutional right to due process, but in the space for providing supporting facts for Count I, Plaintiff has written only: "'Please see attached pages.'" *Id.* at 3. No pages submitted to this Court were clearly labeled for filing as

---

[2] This use of the term "complaint" in this context includes any pages attached to the complaint because a plaintiff needed more space than was provided on the form and any exhibits submitted with the complaint.

attachments to the amended complaint. Therefore, because Plaintiff has provided no facts to support Count I, it is subject to dismissal.

As Count II, Plaintiff asserts that his constitutional right to equal protection was violated. *Id.* As supporting facts for Count II, Plaintiff states that he has been in segregation for over five years and has been told that he will not be released without accepting a cellmate and attending a program he has previously completed. *Id.* Other inmates directly involved in the HCF chow hall incident and inmates placed into segregation for the incident without being directly involved, as Plaintiff asserts he was, have been released from segregation without completing the same program. *Id.* Because Plaintiff does not allege facts in the amended complaint that, if taken as true, show that either named Defendant personally participated in his remaining in segregation, Count II is subject to dismissal.

As Count III, Plaintiff alleges the violation of his constitutional right to be free from cruel and unusual punishment. *Id.* at 4. As with Count I, however, Plaintiff asserts as supporting facts for Count III only: "'Please see attached pages.'" *Id.* Because the Court did not receive any pages from Plaintiff that were clearly labeled as pages to be attached to the amended complaint, Count III is subject to dismissal because Plaintiff has not asserted any facts to support Count III. Thus, since the amended complaint does not state a plausible claim for relief against a named Defendant, this matter will be dismissed in full.

The Court recognizes that Plaintiff may have believed that the information in his motion to amend (Doc. 15-1) would be considered during the screening of the amended complaint. Because this understanding was incorrect, Plaintiff will be granted time in which to file a complete and proper second amended complaint that—when the required form is considered with attached pages and exhibits—contains all of the information necessary to state a plausible claim for relief

against a named Defendant. He is warned, however, that during the screening of the second amended complaint, the Court will not look to other filings to gather information and round out Plaintiff's claims and allegations.

Plaintiff must present the information in the appropriate sections of the form on which he files his second amended complaint. For example, on page 3 of the form, under the heading "Cause of Action," there is a space for Plaintiff to state the constitutional rights he believes were violated in each count. (Doc. 15, p. 3.) To his credit, Plaintiff clearly identified in the amended complaint the constitutional violations on which he bases Count I, Count II, and Count III. *Id.* at 3-4.

The form also provides a separate space in each Count for Plaintiff to state the supporting facts. The instructions on the form state: "Include all facts you consider important, including names of persons involved, places[,] and dates. Describe exactly how each defendant is involved. State the facts clearly in your own words without citing legal authority or argument." (Doc. 15, p. 3.) In the spaces in the amended complaint for the facts that support Counts I and III, Plaintiff has written only "'Please see attached pages.'" *Id.*

The Court generally discourages litigants from using the required form only to refer the reader to attached pages. *See, e.g.*, *Adams v. Kan. Dept. of Corrs.*, 2024 WL 510665, *3 (D. Kan. Dec. 13, 2024) (unpublished) ("Plaintiff must provide the information requested in the appropriate spaces on the required form. He may attach additional pages to the form as necessary, but he should not rely entirely on a separate memorandum or attachment to provide the requested information."); *Freeman v. Int. Rev. Serv.*, 2024 WL 117720, *4 (D. Kan. Mar. 19, 2024) (unpublished) ("Plaintiff must utilize the required court-approved form for more than referring the Court to attached documents.").

Rather, a plaintiff should use the space available on the required form and, if necessary, attach pages to the complaint to provide the rest of the requested information. It must be clear which portions of the complaint are supplemented by the information in the attached pages. For example, if the form does not provide enough space for Plaintiff to set out the supporting facts for Count I, he should use the space provided on the form and attach pages to the complaint on which he continues the facts. Those attached pages should be labeled as supporting facts for Count I.

The amended complaint now before the Court also fails to properly name all of Plaintiff's intended Defendants. The first two pages of the required form provide space for identifying and providing necessary information about each Defendant. (Doc. 15, p. 1-2.) In that space in the amended complaint, Plaintiff identifies Defendants Williams and Cline and he provides the required information about each. *Id.* In the motion to amend, however, Plaintiff identifies and provides the required information for sixteen additional Defendants. (Doc. 15-1, p. 12-14.) The information appears in the motion to amend on pages 12-14, after a section entitled "Formal/Informal relief cont." (Doc. 15-1, p. 11-14.)

If this case survives screening, each named Defendant will be served with a copy of the controlling complaint. In order to comply with Rule 8 of the Federal Rules of Civil Procedure,[3] a complaint must "contain . . . a short and plain statement of the claim showing that [the plaintiff] is entitled to relief." The purpose of Rule 8 "is 'to give opposing parties fair notice of the basis of the claim against them so that they may respond to the complaint, and to apprise the court of sufficient allegations to allow it to conclude, if the allegations are proved, that the claimant has a legal right to relief.'" *Monument Builders of Greater Kan. City, Inc. v. Am. Cemetery Ass'n of Kan.*, 891 F.2d

---

[3] Pro se litigants must "follow the same rules of procedure that govern other litigants." See *Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007); *McNeil v. United States*, 508 U.S. 106, 113 (1993) (federal rules apply to all litigants, including prisoners lacking access to counsel).

1473, 1480 (10th Cir. 1998) (quoting *Perington Wholesale, Inc. v. Burger King Corp.*, 631 F.2d 1369, 1371 (10th Cir. 1979)). But the amended complaint (Doc. 15) names only two Defendants, so it does not provide the notice required by Rule 8 of the claims against the other 16 individuals Plaintiff wishes to name as Defendants in this matter.

The Court understands that Plaintiff is proceeding without an attorney and he is not trained in the law. In light of Plaintiff's statement that he had difficulty understanding all of the legal language in the M&O (Doc. 15-1, p. 2), the Court therefore provides additional clarification of certain parts of the M&O. Plaintiff states his belief that the Court is requiring him to provide documentation to support his factual allegations, documentation that is not available to Plaintiff without a court order. (Doc. 15-1, p. 9.) Additionally, Plaintiff understood the M&O to require that he provide more precise information about times and dates than he has at this time.

Plaintiff is assured that at this point in the case, he does not need to provide evidence to support his claims or provide specific details he does not have. The Court will not dismiss claims in this matter solely because Plaintiff does not know, for example, the legal names of other inmates who have been released from segregation or because Plaintiff does not know all of the precise dates and times on which he filed a grievance. When screening a case, the Court presumes that all well-pleaded factual allegations in the controlling complaint (at this time, the amended complaint) are true.

"Well-pleaded" means that the facts asserted by Plaintiff are "plausible, non-conclusory, and non-speculative." *See Dudnikov v. Chalk & Vermilion Fine Arts, Inc.*, 514 F.3d 1063, 1070 (10th Cir. 2008). A "conclusory" statement occurs when a person "express[es] a factual inference without stating the underlying facts on which the inference is based." Black's Law Dictionary (12th ed. 2024). An example of a "conclusory allegation" can be found in Plaintiff's motion to

amend. Regarding Defendant Shearburn, Plaintiff states: "She is . . . one of the driving forces behind Plaintiff's continued confinement in seg[regation]. She has frequently passed on word through her subordinates that if Plaintiff doesn't overcome some hurdle or another he will not be released from seg[regation]." (Doc. 15-1, p.  4.) The statement that Defendant Shearburn is a "driving force" behind Plaintiff remaining in segregation is conclusory because Plaintiff does not state specific facts that support the statement.

For example, what were the actions Defendant Shearburn took that make Plaintiff believe she is a "driving force" for his remaining in segregation? Did she make statements directly to Plaintiff? What did she say? If Plaintiff wants to rely on messages passed through Defendant Shearburn's subordinates to show her actions, who are the subordinates? What specifically did they tell Plaintiff and, to the best of Plaintiff's recollection, when? These are not specific questions that Plaintiff is required to answer in his second amended complaint; they are simply examples of the level of detail required to state a well-pleaded fact instead of a conclusory statement.

In summary, when the amended complaint is considered under the screening standards, it fails to state a plausible claim for relief against a named Defendant. It appears, however, that Plaintiff may have incorrectly believed that the information in his motion to amend would be considered during the screening of the amended complaint. Therefore, the Court will grant Plaintiff the opportunity to file a complete and proper second amended complaint upon court-approved forms. While preparing his second amended complaint, Plaintiff should consider the requirements set forth in both this order and the M&O issued in May 2025 (Doc. 10).

To be clear, the second amended complaint is not a supplement to the original or amended complaint; it completely replaces both. Any claims, allegations, or Defendants Plaintiff does not include in the second amended complaint—or in attached pages, if necessary—will no longer be

part of this case. Plaintiff may not simply refer in the second amended complaint to his earlier complaints or other filings. The second amended complaint must contain all allegations, claims, and Defendants that Plaintiff intends to pursue in this case, including those already stated in the original complaint, the amended complaint, or other filings in this Court.

Plaintiff must write the number of this case (25-3024-JWL) at the top of the first page of the second amended complaint and he must name every Defendant in the caption of the second amended complaint. *See* Fed. R. Civ. P. 10(a). He must also refer to each Defendant again in the supporting facts set out in the second amended complaint, where he must allege facts describing the unconstitutional acts taken by each Defendant, including dates[4], locations, and circumstances of those acts. When Plaintiff files his second amended complaint, the Court will conduct the statutorily required screening of it and will issue further orders as appropriate. If Plaintiff fails to file a second amended complaint, this matter will proceed upon the amended complaint and it will be dismissed without prejudice for failure to state a claim on which relief can be granted.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff is granted until **September 26, 2025,** in which to file a complete and proper second amended complaint that cures the deficiencies discussed herein. The Clerk is directed to send § 1983 forms and instructions to Plaintiff.

**IT IS SO ORDERED**.

**Dated August 18, 2025, in Kansas City, Kansas.**

> **S/  John W. Lungstrum**
> **JOHN W. LUNGSTRUM**
> **UNITED STATES DISTRICT JUDGE**

---

[4] Again, precise dates are not necessary at this point if Plaintiff does not know them, but he should provide them—or his best approximation—where possible.

9