MR. John F. Francis
Name

EDCF P.O. Box 311

Eldorado, Ks. 67042
Address

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

MR. John F. Francis, Plaintiff
(Full Name)

V.

Warden Tommy Williams Defendant (s)

ETC; All

CASE NO. 25-3024-JWL
(To be supplied by the Clerk)

SECOND AMENDED
CIVIL RIGHTS COMPLAINT
PURSUANT TO 42 U.S.C.
§1983

## A. JURISDICTION

1) MR. John F. Francis, is a citizen of Kansas
   (Plaintiff)                              (State)

who presently resides at EDCF P.O. Box 311, Eldorado, Ks.
                         (Mailing address or place
67042
                                                      .
of confinement.)

2) Defendant Tommy Will                                      is a citizen of
             (Name of first defendant)

EDCF, PO Box 311 Eldordo, Ks 67042                           , and is employed as
         (City, State)

           Warden                                            . At the time the
        (Position and title, if any)

claim(s) alleged in this complaint arose, was this defendant acting under the color of state

law? Yes [X] No [ ]. If your answer is "Yes", briefly explain:

Defendant Williams is aware that Plaintiff is being indefinitely
held in seg without penological justification or meaningful review.

XE-2 8/82          CIVIL RIGHTS COMPLAINT §1983

1

3) Defendant **Sam Cline** is a citizen of
   (Name of second defendant)

   **Eldorado, Ks.**, and is employed as
   (City, state)

   **former warden**. At the time the
   (Position and title, if any)

   claim (s) alleged in this complaint arose was this defendant acting under the color of state law? Yes [X] No [ ]. If your answer is "Yes", briefly explain:

   Defendant Cline was aware that Plaintiff was being indefinitely held in seg without penological justification or meaningful review.

   (Use the additional pages to furnish the above information for additional defendants.)

4) Jurisdiction is invoked pursuant to 28 U.S.C. §1331; 42 U.S.C. §1983. (If you wish to assert jurisdiction under different or additional statutes, you may list them below.)

   _____

   _____

## B. NATURE OF THE CASE

1) Briefly state the background of your case:

   On Feb 5, 2020 Plaintiff was placed in seg for an incident that occurred in HCF two days prior. It's well documented that Plaintiff was not involved nor was he present when the incident occurred. Without exception every inmate involved, directly or not, all, like Plaintiff, has long ago been released. To date Plaintiff has remained in seg without any meaningful review and on multiple occasions went several years without any disciplinary infractions.

C. CAUSE OF ACTION

1) I allege that the following of my constitutional rights, privileges or immunities have been violated and that the following facts form the basis for my allegations: (If necessary you may attach up to two additional pages (8.5" x 11") to explain any allegation or to list additional supporting facts.)

A) (1) Count I: <u>Plaintiffs constitutional right to due process has been violated.</u>

(2) Supporting Facts: (Include all facts you consider important, including names of persons involved, places and dates. Describe exactly how each defendant is involved. State the facts clearly in your own words without citing legal authority or argument.): <u>Plaintiff has been held in seg for well over five (5) years. And this protracted period without any penological justification whatsoever in and of itself has resulted in unnecessary and wanton infliction of pain. At this point Plaintiffs stay in seg is limitless.</u>

B) (1) Count II: <u>Plaintiffs constitutional right to equal protection is being violated</u>

(2) Supporting Facts: <u>Plaintiff has been in seg for well over five (5) years. Has been told that he will not be released without excepting a celly and attending a program he has previously completed. During this time inmates directly involved and those like</u>

C) (1) Count III: <u>Plaintiffs constitutional right to be free from cruel and unusual punishment was violated.</u>

(2) Supporting Facts: <u>On Oct 9, 2023 Plaintiff was placed in a suicide/observation cell and all his property taken as a form of punishment/retaliation by UT Abel for refusing to live with a known gang member with a history of</u>

D. PREVIOUS LAWSUITS AND ADMINISTRATIVE RELIEF

1) Have you begun other lawsuits in state or federal court dealing with the same facts involved in this action or otherwise relating to the conditions of your imprisonment? Yes [X] No [ ]. If your answer if "Yes", describe each lawsuit. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same outline.)

   a) Parties to previous lawsuit:

   Plaintiffs: <u>MR. John F. Francis</u>

   Defendants: <u>former warden Sam Cline / warden Tommy Williams</u>

   b) Name of court and docket number <u>Butler county courthouse #2021-CV-000006</u>

   c) Disposition (for example: Was the case dismissed? Was it appealed? Is it still pending?) <u>Still Pending</u>

   d) Issues raised <u>Due process</u>

    e) Approximate date of filing lawsuit    1·8·2021

    f) Approximate date of disposition    Pending

1) I have previously sought informal or formal relief from the appropriate administrative officials regarding the acts complained of in Part C Yes ☒ No ☐. If your answer is "Yes", briefly describe how relief was sought and the results. If you answer is "No", briefly explain why administrative relief was not sought.

On Feb 5, 2020 after being placed in seg for an incident which he had absolutely no involvement in, Plaintiff submitted a form 9 to begin the process of protesting his wrongful placement in seg. Receiving no response in the time

## 2) REQUEST FOR RELIEF

1) I believe that I am entitled to the following relief:

To be immediately released from seg. $250 a day for each day Plaintiff has been in seg. $15,000. from each defendant. $250,000. in punitive damages. Plaintiff seeks to sue each defendant in their official and individual capacities.

_____        /s/ John Francis
Signature of Attorney (if any)                  Signature of Plaintiff

_____

_____

(Attorney's full address and telephone number)

A. (2) Supporting facts cont. (Count I)

On Feb 5, 2020 Plaintiff was removed from his cell in HCF general population and placed in seg in EDCF for an incident that occurred two (2) days prior in the HCF chow hall. According to reports, an exchange between staff and inmates resulted in five correctional officers receiving medical attention. The incident was completely random and Plaintiff was not present nor was he involved.

A report was written by UTM J. Bell of HCF (Please see report #80538 Attached) that falsely and ambiguously included Plaintiff's involvement. Plaintiff's right to due process was violated based on the fact that Plaintiff was never:
1.) Provided with a full and fair opprotunity to challenge his seg placement 2.) challenge the false accusations that placed him in seg. 3.) Never received a meaningful review that would allow his release from seg to date. 4.) on several occasions was flat out denied the right to attend seg review.

On 2.5.20 Plaintiff began the initial process to contest his placement in seg. It was ignored by UTM Patterson. Denied by CMII M. Bos. Rubber stamped by then warden Sam Cline. All with the blessings of SOC Jeff Zmuda.

Plaintiff has made an earnest effort to comply with all the demands placed on him to be released from seg. And due to the prolonged stay with absolutely no end in sight Plaintiff has begun to suffer both mentally as well as physically.

Plaintiff had been repeatedly told that if he did not except a cellmate he would not be allowed to go to the program and would once again have all of his property taken and not be eligible for release from seg. In an effort to appease the administration Plaintiff has sacrificed his mental and physical wellbeing by accepting a cellmate in order to be released from seg. It has taken an unhealthy toll. Prior to Plaintiff accepting a cellmate an inmate had been stabbed to death by his cellmate and the cellmate remained in the cell for several days with the decedents body. This entire ordeal has affected Plaintiff so much so that he's only sleeping 2 or 3 hours a night. He is roused any and everytime his cellmate moves about and had begun, for the first time ever, to have home made weapons accessible.

After consulting with mental health Plaintiff was advised that this high stress situation may be triggered by his PTSD. The high stress situation has also resulted in Plaintiff having issues with his blood pressure and mental health both now requiring medication.

This is also in conjuction with Plaintiff being forced to live in a cell where he

1.

(Attachment to Amended complaint)

was forced to use the toilet being totally unable to wash his hands afterward or prior to eating. Nor was he able to brush his teeth or wash his face due to being deprived of all of his property, hygiene included.

The federal courts have made clear that prison officials are deliberately indifferent pursuant to the Eight Amendment if the official knows, or should have known, that an incarcerated person faces "a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." Those officials would be hard-pressed to make such an arguement, given that previous court cases recognized that "Prolonged segregation poses a substantial risk of serious psychological and physical harm."

Plaintiff has spent well over the past five (5) years being totally unable to touch or hug his aging family; attend outside recreation because for nearly the last year administration claim that they were short of staff; further his education or maintain employment to help ease the financial burden on his family and is having back issues due to years of sleeping on a concrete slab with a 2 inch thick mattress. Plaintiff has been subject to mental turbulence, blood pressure issues and skin issues that resulted from two (2) weeks without hygiene. These oppressive and reckless acts were clearly done with callous indifference to Plaintiff's federally protected rights. Plaintiff has yet to have a meaningfull review.

## B. (2) Supporting facts cont. (Count II)

Plaintiff, not involved, have been released. Some never completing the Program. The federal courts have long recognized that Government officials actions, or inactions, as they relate to violations of constitutionally protected rights leaves them civilly liable for those actions or inactions.

Defendant Cody Austin is the segregation lieutenant and is the supervising officer over inmates in seg. He's also a member of the seg review board. The seg review board is directly responsible for inmates retention or release from seg. Despite being aware of the fact that plaintiff had absolutely no involvement in what placed him in seg defendant Austin has told Plaintiff on numerous occasions that he would first have to accept a cell-mate and then complete the program before being released from seg. After accepting a cell-mate the goal post has been moved and Plaintiff is now being told that he has to overcome additional hurdles. Defendant Austin has approved the release of every other inmate that was placed in seg for the very same incident as Plaintiff. Some without ever attending the program or accepting a cell mate.

2.

(Attachment to Amended Complaint)

Defendant Kirbie Shearburn is a unit team manager/deputy warden and a member of the seg review board. Defendant Shearburn has never personally attended any seg review that Plaintiff has attended but she is however, one of the driving forces behind Plaintiff's continued confinement in seg. She has frequently passed on word through her subordinates, such as Defendants Austin and Johnson, that if I dont accept a celly or attend the program or overcome some hurdle or another I will not be released from seg. Defendant Shearburn has approved the release of every other inmate that was placed in seg for the very same incident as Plaintiff. Some without ever attending the program.

Defendant Martin represents Behavioral Health and is a member of the seg review board. As a mental health provider Defendant Martin is aware of the psychological and physical harm that prolonged segregation take on inmates and does absolutely nothing in the form of advocating for Plaintiff's release. Infact, he does little more than pass by Plaintiff's cell without word. Defendant Martin has voted for the release of other inmates that were placed in seg for the very same incident as Plaintiff. Some without ever attending the program.

Defendant Matthew Moore was the one time unit team manager/deputy warden and was a member of the PMC board. The PMC make direct recommendations to the warden and Secretary of corrections regarding the retention or release of inmates from seg. Defendat Moore remain constant in being against Plaintiff's release even after voting for the release of several other inmates who were placed in seg for the very same incident. Some without ever attending the program.

Defendant Dale Call was a member of the PMC board. Plaintiff has absolutely no idea who Defendant Call is. However, Defendant Call remained constant in being against Plaintiff's release from seg. Defendant Call voted for the release of other inmates who were placed in seg for the very same incident.

Defendant Reed represent Behavioral Health and was a member of the seg review board. As with BHP Martin, Defendant Reed was aware of the psychological and physical harm that prolonged segregation take on inmates and has done absolutely nothing in the form of advocating for Plaintiff's release.

Defendant Bunyard was a member of the seg review board. And just as with Defendants Martin and Reed, represented Behavioral Health and was aware of the psycological and physical harm that prolonged segregation take on inmates and done absolutely nothing in the form of advocating for Plaintiff's release.

3.

(Attachment to Amended complaint)

Defendant Linda Wildermuth was a unit team manager at Lansing Correctional facility and a member of it's seg review board. Defendant Wildermuth, along with other seg review board members who Plaintiff wish to add to this civil complaint once he learns of their names and titles, heard first hand from inmate Roland K. Hill that Plaintiff had absolutely no involvement in the incident which placed him in seg. Inmate Hill was one of the inmates directly involved in the incident that led to roughly 20-30 inmates being placed in seg. Defendant Wildermuth, along with the other member's of LCF's seg review board, had first hand knowledge of Plaintiffs lack of participation in the incident that placed him seg but still continued to deny his release.

Defendant Phillip Patterson was the unit team manager and one time member of the seg review board. Defendant Patterson, while on the seg review board, made his position on Plaintiffs release from seg clear, he was vehemently against it. Defendant Patterson also received the initial form 9 and grievance protesting Plaintiffs placement in seg. Instead of investigating Plaintiffs claims Defendant Patterson brushed them off resigned to allow Plaintiff to indefinitely languish in seg.

Defendant Maria Bos is a unit team Supervisor/Deputy Warden and a member of the PMC board. Defendant Bos signed off on a Program classification Review document acknowledging that Plaintiff was not validated as a Security Threat Group (STG) member. (Please see attached Exhibit #8). Despite this, Defendant Bos never once objected to the grounds in which placed Plaintiff in seg nor did she ever petition for his release.

Defendant Larry Johnson is the UTM and member of the seg review board. Defendant Johnson readily makes threats to cut off Plaintiffs phone and tablet and relieve him of all his property, once again, and he has absolutely no interest in releasing Plaintiff from Seg. Despite advising Plaintiff that he would advocate for his release from seg once Plaintiff accepted a cell mate prior to him becoming UTM, defendant Johnson has done the exact opposite. Defendant Johnson, just as defendant Austin, are the two primary individuals that deliver messages to Plaintiff from defendant Shearburn. Just as with Plaintiffs current situation. Totally without provocation Plaintiff was moved from his cell to another and placed on More Restricted Area (MRA). When Plaintiff made inquiries about this Defendant Johnson confirmed the call was made by Shearburn and other EDCF administration members.

Defendant Malty Martin is a unit team manager and one time member of the seg review board. Despite having no disciplinary issues defendant Malty Martin refused to give Plaintiff a meaningful review and move for his release.

Defendant Sam Cline was the Warden at EDCF. As the Warden all grievances must be signed off on by he or his designee. And as the Warden of a facility he had the authority to release an inmate from seg despite whatever the seg review board or PMC board recommended. And despite the indefinite seg placement inflicted on Plaintiff Defendant Cline did absolutely nothing to facilitate his release.

(Attachment to Amended complaint)                4.

Defendant Tommy Williams is the Warden at EDCF. Defendant Williams was made aware that Plaintiff is being unjustly held in seg indefinitely and has done absolutely nothing to facilitate his release. Also, defendant Williams was made aware of the constitutional violation inflicted on Plaintiff by defendant Abel in real time but did absolutely nothing to rectify the situation.

Defendant Jeff Zmuda is the secretary of corrections for KDOC. As the SOC defendant Zmuda has an obligation to not only oversee the safety and security of each facility but to also ensure that every inmate in those facility are treated fairly and that their rights are protected. Defendant Zmuda has a duty to thoroughly investigate any possible violation of those rights. Thus the purpose of the grievance procedure. Defendant Zmuda knew or should have known of the constitutional violations occurring to Plaintiff.

Federal courts uniformly agree that periodic reviews of Ad seg inmates satisfies procedural due process only when they are meaningful. Reviews are meaningful only when they involve real evaluations of the administrative justification for confinement, they consider all of the relevant evidence that bears on whether that administrative justification remains valid, and they ensure that Ad seg is used as neither a form of punishment nor a pretext for indefinite confinement.

Reviewing officials must first, actually evaluate whether the inmates continued Ad seg confinement is justified. Second, reviewing officials must evaluate whether the justification for Ad seg exist at the time of review or will exist in the future, and consider new relevant evidence as it becomes available. It is inherent in it's use of the term "periodic" that ongoing Ad seg reviews may not be frozen in time, forever rehashing information addressed at the inmates initial Ad seg determination. Third and finally, the reviewing officials must maintain institutional safety and security as their guiding principles throughout an inmates Ad seg term. SHU confinement that began for proper Ad seg purposes may not morph into confinement that persist for improper purposes.

Upon Plaintiff's arrival from HCF Plaintiff, while still in A&D, asked an EAI officer why was he being placed in seg after being snatched from population and doing absolutely nothing wrong? The EAI officers response "Because of what occurred in HCF chow hall... And from what I understand you're going to be there for at least a couple of years."

Plaintiffs indefinite confinement in seg was "Pre-ordained" before he ever left his cell in HCF general population. Before being placed in seg Plaintiff had

5.

(Attachment to Amended complaint)

been four (4) months disciplinary reports (DR's) free. And since being placed in seg Plaintiff has been four (4) months, over three (3) years and over twelve (12) months DR free. Plaintiff has no history of violence and has not committed any acts of violence since being placed in seg. Despite all of this, as well as the fact that Plaintiff had absolutely no involvement in the incident which landed him in seg; both the seg review and PMC boards cite "Placement facts" as their justification for keeping Plaintiff confined indefinitely in seg. Plaintiffs seg began for improper purposes and has morphed into something far worse.

Federal courts have also found that officials participation as members of these review boards, ie; defendants Austin, Shearburn, Martin, Moore, call, Reed, Bunyard, Martin, Johnson, Wildermuth, Patterson and Bos, gives them sufficient personal involvement in the alleged due process violation to expose them to liability.

This personal involvement does not hing on who has the ultimate authority, ie; defendants Cline, Williams and Zmuda, for constitutionally offensive decisions. Rather, the proper focus is the defendants direct participation in, and connections to, the constitutional deprivation.

This language from previous court rulings make it clear that through their participation, regardless how minimal, causes to be liable.

The federal courts have long held superintendants, secretary of corrections and wardens liable for rubber stamping violations of constitutional acts committed by their subordinates. Qualified immunity does not exist for such defendants when there is a fair warning that their conduct violates constitutional guarantees. This includes the failure to act when a known violation is taking place.

### c. (2) supporting facts cont. (count III)

violence. Without justification or cause and totally against policy and procedure, Plaintiff was forced to live without any legal materials, writing materials or even basic hygiene essentials in clear violation of his constitutional right to be free from cruel and unusual punishment. For two (2) weeks Plaintiff was forced to live without the ability to adequately wash his hands, face or brush his teeth. This resulted in Plaintiff having issues with his skin and lips which persist up until this very day. Plaintiffs tablet was cut off and he had no access to a phone leaving him without any contact with his family or the outside world.

In fear for his safety and not wanting to harm another to protect himself Plaintiff refused to move in the cell with a known gang member with a history of violence towards both staff members as well as other inmates.

6.

unit team Abel made it blatantly clear that he could care less about Plaintiffs safety concerns. He further made it clear that Plaintiff would move with whomever he chose or he would punish Plaintiff by cutting off his phone and tablet and take all of his property. Unit team Abel then instructed shakedown to take all of Plaintiffs property. This left plaintiff with absolutely no way to contact his family or attorney, but most importantly, no way to wash his face, brush his teeth or wash his hands after defecating. This went on for two (2) weeks.

Plaintiff being deprived of all his property for refusing to live with a violent inmate and absolutely no investigation into his safety concerns created a plausible cruel and unusual punishment by way of retaliation claim. Plaintiff has developed sever issues with his skin and lips as a result of being forced to just merely rinse his hands after using the rest room.

Plaintiff is unaware of how much different his situation was from spending 24 hours a day in a cell with feces covering all it's surfaces. One could avoid certain areas of the cell with obvious coverage. However, there's absolutely no escaping any residual feces on ones hands due to failing to adequately wash them. Without property Plaintiff was unable to adequately keep up his personal hygiene, not to mention the fact that Plaintiff was unable to contact his family or have access to the courts.

One would think that basic necessities would definitely include soap, toothpaste and toothbrush if it entailed living in a cell 24 hours a day. The health ramifications of one not adequately washing their hands are obvious. The courts have ruled that it's inhumane to leave an inmate in a cell 24 hours a day without running water. But what good is running water when water alone is insufficient to adequately clean ones hands and mouth.

Would one eat at a resturant where they knew the cook frequently used the restroom and never washed their hands. Thats exactly what Plaintiff was forced to do. Unit team Abel clearly cared less what the ramifications of his actions were. To say that defendant Abel disregarded an excessive risk to Plaintiffs health and safety an acted with a culpable state of mind due to his actions would be an understatement. Common sense should tell anyone that depriving someone of an adequate ability to wash their hands or brush their teeth for weeks could obviously lead to health risk. Unit team Manage Henke was made aware of the situation in real time and did nothing to rectify it. Warden Williams and SOC Jeff Zmuda have done absolutely nothing to put an end to the practice.

Formal/Informal relief cont.

allotted for staff to respond. Plaintiff proceeded with the grievance

7.

(Attachment to Amended complaint)

procedure. On March 6, 2020 Plaintiff received a response from CMII M. Bos denying said grievance. Plaintiff, unsatisfied with the response, appealed that decision to the Warden for his review. Sometime after March 13, Plaintiff received a response from then Warden Sam Cline agreeing with CMII Bos. Plaintiff then appealed that decision to SOC Jeff Zmuda who agreed with both CMII Bos and Warden Cline. Plaintiff then sought relief with the Butler County District Court, case # 2021-cv-000006.

Plaintiff was initially denied the right to attend seg. review upon arriving at both EDCF and LCF- in 2001. But once allowed to attend Plaintiff no longer attended after several months of being denied release for no justifiable or penological reason. The reason stated for each seg review's denial for release could've literally been photo copied for all intent and purposes. Making the reviews meaningless. (Please see attached Exhibits)

## Plaintiffs' Arguement

Without committing any infractions or being apart of any wrong doing whatsoever, infact being four (4) months DR free at the time, Plaintiff was snatched out of his general population cell and placed in seg for an incident he had absolutely no involvement in.

Defendant J. Bell was the author of the seg report that led to Plaintiffs indefinite confinement in seg. There was no hearing and Plaintiff never had the opprotunity to confront the alleged evidence against him. Due process has been has been non-exsistent as it relates to Plaintiffs indefinite seg confinement. Plaintiffs situation in itself is atypical. It's not every day that a prisons administration, totally without provocation, just snatches an inmate out of general population in one facility, and having done absolutely nothing wrong or broken any rules, indefinitely throws him in seg in another facility, for an incident that they're infact he had absolutely no involvement in. That's liken to snatching a totally innocent man from his home in the free world and indefinitely throwing him in prison for a crime the government knows he had absolutely no involvement in, all under the guise of safety and security.

The incident that occurred in the HCF chow hall involved maybe 10-15 inmates. Plaintiff was not present so he would be unable to give an actual account. However, from what Plaintiff gathered through random conversations with other inmates who witnessed the incident, as well as two or three who were actually involved, it was a completely random incident that occurred over inmates not been given sufficient time to eat their meals.

Outside of those inmates who were directly involved there were an additional 10-15 inmates, like Plaintiff, who had absolutely no involvement in the incident making them similarly situated in every material respect. Some of these inmates who were directly involved were placed in seg in HCF and were released a few months later in HCF population. Of those who were transferred to EDCF with

8.

(Attachment to Amended complaint)

Plaintiff there was at least one, who like Plaintiff had absolutely nothing to do with the incident, was returned to HCF and released back into general population all just a few short months later. There were other inmates who remained in seg a little longer. Some however, never attended the program. And all have been released from seg leaving Plaintiff the only one (1) remaining in seg from that incident over five (5) years later.

Plaintiff has been in seg for well over five (5) years now. This protracted period without any penological justification whatsoever in and of itself has resulted in an unnecessary and wanton infliction of pain. At this point Plaintiffs stay in seg is indefinite.

Plaintiff has endured several hardships throughout his indefinite segregation including, but not limited to, the resolution of his marriage. The financial and mental burden along with the prolonged lack of physical contact took a heavy toll on Plaintiffs wife. The mental and physical stress in conjuction with the situation with his skin and lips has taken a toll on Plaintiff.

Now, to make matters worse, the administration, totally without provocation, has moved Plaintiff to another cell and placed him on More Restricted Area (MRA). MRA allows the administration to take all of Plaintiffs property, nothing excluded, and leave him without any way to contact his family or the outside world. Plaintiffs MRA status is supposed to be re-evaluated weekly. However, it's been a month and this has yet to occur even once.

### ADDITIONAL DEFENDANTS (cont.)

4.) Defendant Jeff Zmuda is a citizen of Topeka, KS, and is employed as Secretary of Corrections. At the time the claim(s) alleged in this complaint arose, was this defendant acting under the color of state law? Yes ☒ NO ☐. If your answer is "Yes", briefly explain: As the SOC defendant Zmuda is responsible for ensuring that the inmates in these facilities that he oversee are treated fairly and that their constitutional rights are protected. Defendant totally failed to do so in this instance.

5.) Defendant J. Bell is a citizen of Hutchinson, KS, and is employed as a Unit Team Manager. At the time the claim(s) alleged in this complaint arose, was the defendant acting under the color of state law? Yes ☒ NO ☐. If your answer is "Yes", briefly explain: Acting with deliberate indifference and an obvious disregard for Plaintiffs constitutional rights, defendant Bell recklessly authored a false narrative that he know would lead to Plaintiff being placed indefinitely in seg.

6.) Defendant Maria G. Bos is a citizen of El Dorado, KS, and is employed as a Classification Manager III. At the time the claim(s) alleged in this complaint arose, was the defendant acting under the color of state law? Yes ☒ NO ☐. If your

9.

(Attachment to Amended Complaint)

answer is "Yes", briefly explain: Defendant Bos, being aware of the fact that Plaintiff is not a STG member, continued to support Plaintiff's indefinite seg placement and remained silent when it was alleged that Plaintiff was a STG leader.

7.) Defendant Cody W. Austin is a citizen of ElDordo, KS, and is employed as a CSII. At the time the claim(s) alleged in this complaint arose, was this defendant acting under the color of state law? Yes ☒ No ☐. If your answer is "Yes", briefly explain: Defendant Austin is a member of the seg review board. As a member of the seg review board defendant Austin has a duty to make seg reviews meaningful. He has totally failed to do so in Plaintiff's situation.

8.) Defendant Kirbie R. Shearburn is a citizen of ElDorado, KS, and is employed as a classification manager II. At the time the claim(s) alleged in this complaint arose, was this defendant acting under the color of state law? Yes ☒ No ☐. If your answer is "Yes", briefly explain: Defendant Shearburn is a member of the seg review board. Defendant Shearburn has remained obstinate in her refusal to release Plaintiff from his indefinite seg designation. Therefore, rendering seg review for Plaintiff meaningless.

9.) Defendant John Mark A. Henke is a citizen of ElDordo, KS, and is employed as a unit team manager. At the time the claim(s) alleged in this complaint arose, was this defendant acting under the color of state law? Yes ☒ No ☐. If your answer is "Yes", briefly explain: As the direct supervisor of UTS Abel defendant Henke should have immediately intervened, as he was made aware of the situation in real time, to prevent the violation of Plaintiff's constitutionally protected right.

10.) Defendant Greogory Abel is a citizen of ElDorado, KS, and is employed as a unit team supervisor. At the time the claim(s) alleged in this complaint arose, was the defendant acting under the color of state law? Yes ☒ No ☐. If your answer is "Yes", briefly explain: Due to defendant Abel's reckless and indifferent behavior Plaintiff was unable to wash his hands after using the restroom or prior to eating and was also unable to brush his teeth for two (2) weeks. Also, because defendant Abel instructed that all of Plaintiff's property be removed from his possession Plaintiff was denied access to the courts and was unable to contact his family.

11.) Defendant Malty Martin is a citizen of ElDorado, KS, and is employed as a unit team manager. At the time the claim(s) alleged in this complaint arose, was the defendant acting under the color of state law? Yes ☒ No ☐. If your answer is "Yes", briefly explain: Defendant Martin was a member of the seg. review board. In this capacity he was complicit in violating Plaintiff's constitutionally protected right by allowing him to languish in seg for over five (5) years without a meaningful review.

12.) Defendant Matthew M. Moore is a citizen of ElDorado, KS, and was employed as

10.

(Attachment to Amended Complaint)

a classification manager II. At the time the claim(s) alleged in this complaint arose, was the defendant acting under the color of state law? Yes ☒ No ☐. If your answer is "Yes," briefly explain: Defendant Moore was a member of the PMC board. As a member of the PMC board defendant reported directly to the warden and could have rectified Plaintiff's indefinite seg placement. Instead, he remained obstinate in his position of keeping Plaintiff in seg.

13.) Defendant Dale R. Call is a citizen of ElDorado, KS, and was employed as a classification manager. At the time the claim(s) alleged in this complaint arose, was the defendant acting under the color of state law? Yes ☒ No ☐. If your answer is "Yes", briefly explain: Defendant was a member of the PMC board. As a member of the PMC board defendant reported directly to the warden and could have voted against Plaintiff's indefinite seg placement but instead become complicit in indefinitely holding Plaintiff in seg.

14.) Defendant Phillip A. Patterson is a citizen of ElDorado, KS, and is employed as TSC II. At the time the claim(s) alleged in this complaint arose, was the defendant acting under the color of state law? Yes ☒ No ☐. If your answer is "Yes", briefly explain: Defendant was a one time UTM and member of the seg review board. Defendant had the opprotunity to rectify Plaintiff's wrongful seg placement but chose not to.

15.) Defendant Reed is a citizen of ElDorado, KS, and is employed as a Behavioral Health Advisor. At the time the claim(s) alleged in this complaint arose, was the defendant acting under the color of state law? Yes ☒ No ☐. If your answer is "Yes", briefly explain: Defendant Reed was a member of the seg review board. As a Behavioral Health Provider defendant Reed sees first hand the mental effects of long term seg. Defendant Reed had an ethical duty to speak out against Plaintiff's indefinite seg placement but failed to do so.

16.) Defendant Bunyard is a citizen of ElDorado, KS, and was employed as a Behavioral Health Provider. At the time the claim(s) alleged in this complaint arose, was the defendant acting under the color of state law? Yes ☒ No ☐. If your answer is "Yes", briefly explain: Defendant Bunyard was a member of the seg review board. Defendant Bunyard had an ethical duty to speak out against Plaintiff's indefinite seg placement but failed to do so.

17.) Defendant Linda Wildermuth is a citizen of Lansing, KS, and is employed as a unit team manager. At the time of the claim(s) alleged in this complaint arose, was the defendant acting under the color of state law? Yes ☒ No ☐. If your answer is "Yes," explain: Defendant Wildermuth was a member of the seg review board and was informed by an inmate directly involved in the Feb 4, 2020 incident that

11.

(Attachment to Amended complaint)

Plaintiff had no involvement but defendant still refused to release Plaintiff.

18.) Defendant Larry G. Johnson is a citizen of ElDorado, KS, and is employed as a unit team manager. At the time the claim(s) alleged in this complaint arose, was this defendant acting under the color of state law? Yes ☒ No ☐. If your answer is "Yes", briefly explain: Defendant Johnson is a member of the seg review board. Defendant Johnson is only interested in delivering messages from defendant Shearburn but absolutely no interest in releasing Plaintiff from seg.

19.) Defendant Martin is a citizen of ElDorado, KS, and is employed as a Behavioral Health Provider. At the time the claim(s) alleged in this complaint arose, was this defendant acting under the color of state law? Yes ☒ No ☐. If your answer is "Yes", briefly explain: Defendant Martin is a member of the seg review board. Defendant Martin has an ethical duty to speak out against Plaintiffs indefinite seg placement but has failed to do so.

Plaintiff humbly request that this honorable court allows him to later amend his defendant list due to not having all of the relevant information for defendants unlisted.

Wherefore, Plaintiff prays that this honorable court grants this motion and provide any and all relief it deems just, fair or equitable. Furthermore, Plaintiff humbly request that the court gives an order allowing Plaintiff to depose the defendants which Plaintiff believes will no doubt satisfy summary judgement.

## Certificate of Service

I, the above signed, do hereby certify that a copy of the foregoing motion was submitted to EDCF staff to be electronically filed on this 25 day of September, 2025 properly addressed to:

United States District Court of Kansas
Thomas Williams, etc al.,

Respectfully Submitted,

John Francis

MR. John F. Francis
Pro se

12.

(Attachment to Amended complaint)