IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JOHN F. FRANCIS,

                Plaintiff,

    v.                                        CASE NO. 25-3024-JWL

SAM CLINE, ET AL.,

                Defendants.

**MEMORANDUM AND ORDER**

This matter is a pro se civil rights action brought under 42 U.S.C. § 1983 by Plaintiff and state prisoner John F. Francis, who is currently incarcerated at El Dorado Correctional Facility ("EDCF") in El Dorado, Kansas. It comes before the Court on Plaintiff's motion for reconsideration (Doc. 22) of the Court's October 10, 2025 order (Doc. 21) dismissing certain Defendants and claims from this matter. The motion also seeks a preliminary injunction. For the reasons explained below, the motion will be denied.

**I. Nature of the Matter before the Court**

The operative complaint in this matter is the second amended complaint, which was filed on September 29, 2025. (Doc. 20.) Because Plaintiff is a prisoner, the Court was required by statute to screen his second amended complaint and to dismiss the complaint or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks relief from a defendant immune from such relief. 28 U.S.C. § 1915A(a) and (b); 28 U.S.C. § 1915(e)(2)(B). The second amended complaint named multiple Defendants, including Kansas Secretary of Corrections Jeff Zmuda and other individuals who worked for the Kansas Department of Corrections ("KDOC"), worked at El Dorado Correctional Facility ("EDCF"), or worked at Hutchinson Correctional

1

Facility ("HCF"). (Doc. 20, p. 1-2, 14-17.) Plaintiff is familiar with the facts underlying this case, which will not be repeated in detail here. Highly summarized, in February 2020, while Plaintiff was incarcerated at HCF, an altercation between inmates and staff occurred that resulted in physical injury to staff. (Doc. 20, p. 2, 6.) Plaintiff was not present for the incident and denies any involvement. *Id.* at 2, 6. Shortly after the incident, Plaintiff was transferred from HCF general population to EDCF, where he was placed in segregation. *Id.* at 6. Although Plaintiff has complied with various conditions identified to him as prerequisites for his release from segregation, he remains in segregation, which has adversely affected his mental and physical health. *Id.* at 2, 6.

Plaintiff asserted three counts in the second amended complaint, the first two of which were dismissed on October 10, 2025 and are the subject of the motion for reconsideration now before the Court. In Count I, Plaintiff asserted that his constitutional right to due process was violated by (1) the failure to provide him with a full and fair opportunity to challenge his initial placement in segregation and to challenge the false accusations on which the placement was based; (2) the failure to provide him with meaningful review of his placement that would allow him to be released from segregation; and (3) the denial—on "several occasions"—of his right to attend segregation review, also called "seg review." *Id.* at 3, 6. In Count II, Plaintiff asserted the violation of his constitutional right to equal protection, based on his remaining in segregation while other inmates who were directly involved in the incident at HCF and who have not completed the same prerequisites have been released from segregation. *Id.* at 3, 7.

After conducting the required screening of the second amended complaint, the Court issued a memorandum and order ("M&O") on October 10, 2025. (Doc. 21.) The M&O, in relevant part, explained the Court's conclusion that Plaintiff had failed to state a plausible claim for relief in Counts I and II of the second amended complaint. Regarding Count I, the M&O first explained

2

that any claim that Plaintiff's due process rights were violated by his initial placement in segregation is barred by the statute of limitations. (Doc. 21, p. 7-8.)

Moreover, as had been previously explained to Plaintiff, his remaining in segregation did not implicate due process concerns because Plaintiff had not shown the type of atypical, significant deprivations that might give rise to a liberty interest. *Id.* at 8-11. Finally, to the extent that Count I alleged a claim based on denying Plaintiff the ability to attend segregation review, the Court found that Plaintiff had not alleged any such denials had occurred during the 2 years prior to filing the complaint in this matter and any claims based on denials prior to that were barred by the statute of limitations. *Id.* at 11. Thus, Count I failed to state a claim on which relief could be granted.

With respect to Count II, the M&O held that Plaintiff had failed to show that he is being treated differently than another individual who is similarly situated in all material respects. *Id.* at 12-13. It noted particularly that each inmate's disciplinary and behavioral history factors into classification decisions and Plaintiff had not alleged facts showing that another inmate—"who was sent to segregation because of STG leadership and involvement in the HCF incident, who has a disciplinary history similar to Plaintiff's, and who has behaved similarly while in segregation"— was treated differently than Plaintiff. *Id.* at 13. Thus, Count II failed to state a claim on which relief could be granted.

Because Count I and Count II were dismissed for failure to state a claim, the Court also dismissed the 15 named Defendants who were implicated only in those counts. With respect to Count III, which was the sole remaining count, the Court directed KDOC officials to prepare and submit a *Martinez* Report. On November 6, 2025, Plaintiff filed a motion to reconsider the M&O, reinstate Counts I and II, and grant him preliminary injunctive relief. (Doc. 22.)

### III. Analysis

In his motion, Plaintiff does not identify the legal authority under which he seeks reconsideration of the dismissal of Count I, Count II, and the related Defendants. (Doc. 22.) There are two Federal Rules of Civil Procedure that are most frequently used to seek reconsideration of a dispositive order: Rule 59 and Rule 60. Under Rule 59(e), the Court may grant relief only if the moving party establishes: (1) an intervening change in the controlling law; (2) the availability of new evidence that could not have been obtained previously through the exercise of due diligence; or (3) the need to correct clear error or prevent manifest injustice. *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). A motion under Rule 59(e) is not to be used to present supporting facts that could have been presented in earlier filings. *Id.* Nor will the Court "address new arguments or evidence that the moving party could have raised before the decision issued." *Bannister v. Davis*, 590 U.S. 504, 508 (2020).

> Rule 60(b) states:
>
> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

In the portion of his motion seeking reconsideration of the dismissals of Counts I and II

and the named Defendants to those Counts, Plaintiff cites Rule 8 of the Federal Rules of Civil Procedure and asserts that this Court has jurisdiction over the claims brought in the now-dismissed Counts I and II. (Doc. 22, p. 1-2.) He restates his assertions that he has been held in segregation "without genuine review" and that his constitutional rights have been violated. *Id.* He does not, however, address the specific reasons for dismissal explained in the M&O, which were not jurisdictional in nature. Rather, he simply restates arguments that he previously made or that he could have previously made. Whether considered under Rule 59 or Rule 60, Plaintiff has not shown good cause for the Court to reconsider its dismissal of Count I, Count II, and the Defendants to those Counts.

Next, Plaintiff asks the Court to issue an injunction that prevents prison staff from engaging in "the practice of taking 'All' of [his] property" and directs prison staff to return all of his property. (Doc. 22, p. 2, 5 (emphasis and all errors in original).) Plaintiff alleges that his cell is subject to a shakedown at least once a month, sometimes twice a month. *Id.* The items in his cell are removed and he is "left with nothing but the clothes on his back." *Id.* Plaintiff generally alleges that the shakedowns and confiscation of his property are intended as "punishment, retaliation and intimidation." *Id.* at 3. He fears that someone will plant in his cell "something . . . to justify the monthly searches" and, because "each interaction is becoming increasingly aggressive and hostile," he worries "that he will have to defend himself from a physical staff attack." *Id.* at 3-4.

A preliminary injunction is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008). A preliminary injunction is appropriate only when the movant's right to relief is clear and unequivocal. *Schrier v. Univ. of Colo.*, 427 F.3d 1253, 1258 (10th Cir. 2005).

> "When seeking a preliminary injunction, 'the moving party must demonstrate: (1) a likelihood of success on the merits; (2) a likelihood that the

movant will suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in the movant's favor; and (4) that the injunction is in the public interest.' In addition, the movant must establish 'a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint.' A mandatory preliminary injunction--one which requires the nonmoving party to take affirmative action--is 'an extraordinary remedy' and is generally disfavored. Before a court may grant such relief, the movant must 'make a heightened showing of the [] factors.'"

*Little v. Jones*, 607 F.3d 1245, 1251 (10th Cir. 2010) (internal citations omitted).

The Court has carefully considered the allegations in Plaintiff's motion and concludes that a mandatory preliminary injunction is not required at this time. This case remains in the screening phase and the Court is still determining whether Plaintiff has stated a plausible claim for relief. Thus, it cannot be said at this time that Plaintiff has shown a likelihood that he will succeed on the merits of a related claim in this matter. Additionally, Plaintiff has not shown a likelihood that he will suffer irreparable harm if the Court declines to issue the requested order. "To constitute irreparable harm, an injury must be certain, great, actual and not theoretical." *Heideman v. S. Salt Lake City,* 348 F.3d 1182, 1189 (10th Cir. 2003) (internal quotation marks omitted). Although Plaintiff fears an attack by staff members, such an attack is not a certainty. Thus, Plaintiff has not made the heightened showing of the four factors needed for this Court to enter a mandatory preliminary injunction and his request for an injunction will be denied.

**IT IS THEREFORE ORDERED BY THE COURT** that the motion for reconsideration and for a preliminary injunction (Doc. 22) is **denied**.

**IT IS SO ORDERED.**

DATED: This 10th day of November, 2025, at Kansas City, Kansas.

S/ John W. Lungstrum
JOHN W. LUNGSTRUM
United States District Judge