IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JOHN F. FRANCIS,

      Plaintiff,

      v.

GREGORY ABEL, et al.,

      Defendants.

Case No. 5:25-cv-03024-HLT

**MEMORANDUM AND ORDER**

Plaintiff John F. Francis[1] is an inmate at the El Dorado Correctional Facility (EDCF) in Kansas. He alleges that Defendants EDCF Unit Team Supervisor Gregory Abel and EDCF Unit Team Manager Mark A. Henke violated his Eighth Amendment right to be free from cruel and unusual punishment by placing him in an observation cell without access to hygiene materials for two weeks. Doc. 20 at 4, 11-12, 15. Defendants move to dismiss Plaintiff's claims under Rules 12(b)(1) and 12(b)(6). Doc. 37. The Court grants the motion to dismiss. The Court dismisses his official-capacity claims without prejudice for lack of jurisdiction. The Court dismisses his individual-capacity claims with prejudice based on qualified immunity.

I.      **BACKGROUND**

Plaintiff was incarcerated at the Hutchinson Correctional Facility (HCF). But he was transferred to EDCF and placed in segregation after an incident at HCF in February 2020. Doc. 20 at 6. On October 9, 2023, Abel placed Plaintiff in an observation cell and confiscated his property

---

[1]    Plaintiff proceeds pro se, so the Court construes his pleadings liberally and holds them to a less stringent standard than those drafted by lawyers. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (citation omitted). But the Court does not assume the role of advocate. *Id.*

1

as punishment for Plaintiff's refusal to share a cell with a violent gang member. *Id.* at 4, 11-12. Plaintiff spent two weeks in the observation cell without proper hygiene materials to wash his hands and face or brush his teeth. *Id.* at 11. He had no access to legal materials, writing materials, his tablet, or a phone. *Id.* Plaintiff alleges that Abel "disregarded an excessive risk to [his] health and safety" and that Henke "was made aware of the situation in real time and did nothing to rectify it." *Id.* at 12.

Plaintiff filed his operative complaint in September 2025. Doc. 20. It contains three counts under § 1983 and seeks injunctive relief in the form of his immediate release from segregation and compensatory and punitive damages. *Id.* at 5. The first two counts were dismissed following screening under 28 U.S.C. § 1915(A) and (e)(2)(B). Only an Eighth Amendment claim remains. KDOC filed a *Martinez* report in December 2025. Doc. 28. Defendants filed the instant motion to dismiss in April 2026. Doc. 37. Plaintiff has not filed a response, and the deadline has passed. The Court therefore takes up the motion without the benefit of one.

## II.      ANALYSIS

Defendants move to dismiss Plaintiff's official-capacity claims under Rule 12(b)(1) for lack of subject-matter jurisdiction because they are immune from suit under the Eleventh Amendment. Doc. 37 at 2. Defendants also move to dismiss Plaintiff's individual-capacity claims under Rule 12(b)(6) for failure to state a claim. They argue that qualified immunity shields them from suit. *Id.*

### A.      Official-Capacity Claims

The Eleventh Amendment bars federal jurisdiction over "any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. The Supreme Court has

construed this language to also bar suits brought against a state by its own citizens. *Hans v. Louisiana*, 134 U.S. 1, 10 (1890). Plaintiff's Eighth Amendment § 1983 claim seeking money damages from Defendants in their official (rather than in their individual) capacities is barred as a suit in law or equity because Plaintiff is prosecuting his case against one of the States (here, Kansas). *Hafer v. Melo*, 502 U.S. 21, 24-27 (1991) (explaining that state officials sued for damages in their official capacities "assume the identity of the government that employs them").

The Eleventh Amendment, of course, is <u>not</u> a barrier to official-capacity claims under § 1983 for prospective injunctive relief. *Hill v. Kemp*, 478 F.3d 1236, 1255-56 (10th Cir. 2007) (Gorsuch, J.). But jurisdiction is still lacking even if the Court construes Count III as containing a request for prospective injunctive relief concerning the provision of hygiene products because Plaintiff lacks standing to seek such relief.[2] The gravamen of Count III is that Plaintiff was denied access to basic hygiene products and legal and writing materials for a period of two weeks back in 2023 when he was placed in an observation cell. Plaintiff does not allege that he is currently being deprived of these materials or that he presently faces a concrete and imminent risk of either in the future. Plaintiff therefore lacks standing to pursue prospective relief against Defendants in their official capacities. *See Thompson v. Lengerich*, 798 F. App'x 204, 209-210 (10th Cir. 2019) (finding the plaintiff lacked standing because he "was no longer being subjected to the Hobson's choice of which he complains" by the time he filed suit); *see also Young v. Colorado Dep't of*

---

[2]    A plaintiff has standing when he demonstrates (1) "injury in fact"; (2) "a causal relationship between the injury and the challenged conduct," meaning the injury "fairly can be traced to the challenged action of the defendant"; and (3) a favorable decision will likely redress the injury. *Bd. of Cnty. Comm'rs of Sweetwater Cnty. v. Geringer*, 297 F.3d 1108, 1112 (10th Cir. 2002). In *Uzuegbunam v. Preczewski*, the Supreme Court explained, "[t]o demonstrate standing, the plaintiff must not only establish an injury that is fairly traceable to the challenged conduct but must also seek a remedy that redresses that injury." 592 U.S. 279, 282 (2021). Defendants do not raise this issue. But because standing is jurisdictional, the Court can raise it on its own. Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court *must* dismiss the action." (emphasis added)).

*Corr.*, 94 F.4th 1242, 1255 (10th Cir. 2024) (finding the district court properly dismissed the plaintiff's equal protection claim against the defendant for lack of standing because he was no longer employed by the defendant).[3] The Court therefore lacks subject-matter jurisdiction over Plaintiff's Eighth Amendment claim in Count III to the extent he asserts it against Defendants in their official capacities.

### B.    Individual-Capacity Claims

Section 1983 allows a plaintiff to seek money damages from state and local public officials in their individual capacities who have violated a plaintiff's federal rights while acting under the color of state law. The Eleventh Amendment is not a barrier to individual-capacity claims for money damages. In this case, Plaintiff claims that Defendants violated his Eighth Amendment right to be free from cruel and unusual punishment when Abel took his property and prevented his access to hygienic materials and Henke did nothing to rectify the situation. Doc. 20 at 4, 11-12. Plaintiff's Eighth Amendment claim seeks retrospective relief from Defendants in their individual capacities in the form of money damages.

A plaintiff prevails on such a "conditions of confinement" claim by establishing that "(1) the condition complained of is sufficiently serious to implicate constitutional protection, and (2) prison officials acted with deliberate indifference to inmate health or safety." *DeSpain v. Uphoff*, 264 F.3d 965, 971 (10th Cir. 2001) (citation and internal quotations omitted). A defendant-supervisor is only liable under § 1983 "for [his] own culpable involvement" in the violation. *Serna v. Colorado Dept. of Corr.*, 455 F.3d 1146, 1151 (10th Cir. 2006). The plaintiff can prevail by showing (1) the defendant-supervisor was responsible for a policy that (2) caused the instant

---

[3]    The Court doesn't construe Count III as requesting release from segregation as a remedy for the alleged failure to provide Plaintiff with hygiene products while on suicide watch. Plaintiff lacks standing to seek this sort of relief in connection with this claim. Plaintiff's release from segregation would not redress the injury he alleges in Count III.

constitutional harm, and (3) he acted with the requisite state of mind to establish that harm. *Dodds v. Richardson*, 614 F.3d 1185, 1199 (10th Cir. 2010).

Defendants argue that qualified immunity shields them from Plaintiff's Eighth Amendment claim against them in their individual capacities. Doc. 37 at 2.[4] Qualified immunity protects government officials from civil damages "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). A defendant's assertion of qualified immunity under § 1983 creates a presumption of immunity. *Janny v. Gamez*, 8 F.4th 883, 913 (10th Cir. 2021) (citation omitted). The burden then shifts to the plaintiff to show (1) the official's conduct violated a constitutional right and (2) that right was clearly established at the time. *Id.* (citation and internal quotations omitted).[5] The plaintiff shows that a right is clearly established by identifying controlling authority like a Supreme Court or Tenth Circuit case on point or by showing that a robust consensus of cases of persuasive authority put the question beyond debate. *Colbruno v. Kessler*, 928 F.3d 1155, 1161 (10th Cir. 2019).

Both Defendants contend that Plaintiff fails to satisfy either prong; he has not plausibly alleged a constitutional violation that was clearly established at the time. Henke additionally argues that Plaintiff has not alleged Henke was personally involved in the violation. Plaintiff offers no response to Defendants' arguments. This is fatal to Plaintiff's remaining claims because, once invoked, the burden to overcome qualified immunity belongs to the plaintiff. And this burden is heavy. *Pfannenstiel v. Kansas*, 2022 WL 873674, at *11 (D. Kan. 2022).

---

[4] Defendants also argue that Plaintiff has not satisfied the Prison Litigation Reform Act's exhaustion requirement. Doc. 37 at 2. The Court does not take up this argument.

[5] The Court can address the prongs in any order. *Grissom v. Roberts*, 902 F.3d 1162, 1167 (10th Cir. 2018).

Plaintiff's failure to respond means he hasn't even tried to satisfy his burden. And courts "routinely" find that the failure to respond to qualified immunity once raised is reason enough to dismiss based on that defense. *See Madlock v. Cruse*, 2026 WL 120179, at *2-3 (D. Kan. 2026) (collecting and discussing Tenth Circuit and district court authority). The Court thus grants the motion and dismisses Plaintiff's individual capacity Eighth Amendment claim for money damages with prejudice.

But, even if it weren't enough, a review of the operative complaint suggests that qualified immunity shields both men. Certainly, "[t]here is no doubt" that the Eighth Amendment demands that "prisoners must be provided with basic human needs." *Harris v. Fleming*, 839 F.2d 1232, 1235 (7th Cir. 1988). But "only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation." *Wilson v. Seiter*, 501 U.S. 294, 298 (1991) (internal quotation and citation omitted). And, there are, as noted above, two parts to the analysis. One is objective ("Was the deprivation sufficiently serious?"); the other, subjective ("Did the [depriving] official act with a sufficiently culpable state of mind?"). *Id.*

When the Eighth Amendment claim concerns things like access to basic hygiene products like soap, toothpaste, toilet paper, and clothing, temporary deprivations generally aren't sufficiently serious to satisfy the objective component. *E.g., Harris*, 839 F.2d at 1234-36 (failure to provide toilet paper for five days and soap, toothbrush, and toothpaste for ten days did not amount to a constitutional violation). But prolonged deprivations might. *See Penrod v. Zavaras*, 94 F.3d 1399, 1405-06 (10th Cir. 1996) (denial of toothpaste for 3 months could support an Eighth Amendment claim); *Flanory v. Bonn*, 604 F.3d 249, 255-56 (6th Cir. 2010) (denial of toothpaste for 337 days could support of an Eighth Amendment claim); *Board v. Farnham*, 394 F.3d 469,

481-82 (7th Cir. 2005) (denial of toothpaste for 3.5 weeks where prisoner requested it be provided at least 15 times could support an Eighth Amendment claim).

These differences in outcomes suggest (although do not necessarily compel) the conclusion that the deprivation of hygiene items over the course of two weeks does not transgress a clearly established Eighth Amendment right. And, even assuming Plaintiff plausibly alleges an Eighth Amendment violation, he has not come forward with controlling case law (or a robust consensus of persuasive authority) to show the right was clearly established at the time. The Court therefore concludes Defendants are shielded by qualified immunity. For these alternative reasons, the Court dismisses Plaintiff's Eighth Amendment claim against Defendants in their individual capacities with prejudice.

## III.   CONCLUSION

Plaintiff is clearly frustrated with his treatment in EDCF, but "the Court is bound by its jurisdiction and the law." *Grissom v. Bell*, 2025 WL 368678, at *6 (D. Kan. 2025). The Court lacks subject-matter jurisdiction over Plaintiff's official-capacity claims. Plaintiff fails to state a claim against Defendants in their individual capacities because qualified immunity shields them.

THE COURT THEREFORE ORDERS that Defendants' motion to dismiss (Doc. 37) is GRANTED. The Court dismisses Plaintiff's official-capacity claims without prejudice for lack of jurisdiction. The Court dismisses his individual-capacity claims with prejudice for failure to state a claim.

IT IS SO ORDERED.

Dated: August 10, 2026                    /s/ *Holly L. Teeter*
                                          HOLLY L. TEETER
                                          UNITED STATES DISTRICT JUDGE